24 C.C.P.A.(Patents)

### FISCHER v. AVERY.

### Patent Appeal No. 3829.

Court of Customs and Patent Appeals.

June 7, 1937.

Albert F. Robinson, of Lockland, Ohio, for appellant.

Oliver C. Morse, of Boston, Mass., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed a decision of the Examiner of Interferences awarding priority of invention to appellee.

The interference arises between a patent issued to appellee on April 28, 1931, No. 1,802,494, upon an application filed February 16, 1925, and an application of appellant filed July 20, 1931, Serial No. 551,923. The application of appellant states that it is a division of another application, but neither the number of the latter application nor the date of filing is stated. Appellant, however, contends that his application here involved is a division of application No. 336,713, filed November 8, 1919, upon which a patent was issued to him on December 12, 1933, No. 1,939,004.

The issue consists of three counts, which read as follows:

"1. The method of producing shingles tapering in thickness and having a felted fibrous foundation containing waterproofing material which comprises producing unit slabs of such material equal in area to that

of a shingle and of a thickness substantially equal to the sum of the thicknesses of butt and thin ends of a desired shingle, and splitting said slabs along diagonal planes from end to end to produce two shingles from each.

"2. The method of producing shingles tapering in thickness and having a felted fibrous foundation containing waterproofing material which comprises producing slabs of such material each equal in area to that of a shingle and of a substantially uniform thickness equal to the sum of the thicknesses of butt and thin ends of a desired shingle, splitting said slabs diagonally to produce two shingles from each, and coating with bituminous material the portions of the shingles exposed to the weather when laid.

"3. The method of producing shingles tapering in thickness and having a felted fibrous foundation which comprises producing slabs each of a substantially uniform thickness equal to the sum of the thicknesses of butt and thin ends of the desired shingle, splitting said slabs diagonally to produce two shingles from each coating the portions of a shingle exposed when laid with bituminous material, and embedding grit in said coating."

The invention involved is sufficiently stated in the counts.

Claims corresponding to said counts were copied by appellant from appellee's patent and were contained in appellant's application 551,923 as originally filed. Figures 4 and 5 of the drawings of said application are identical with Figures 8 and 8a of appellant's application 336,713.

Appellee moved to dissolve the interference upon the ground that appellant's disclosure did not support the claims corresponding to the counts. This motion was denied by the Examiner of Interferences. In taking this action the examiner apparently relied upon the fact that the claims corresponding to the counts here involved were a part of application 551,923 as originally filed, and in themselves constituted a disclosure of the invention, which disclosure was not inconsistent with the body of the specification.

No testimony was taken, and appellee therefore was restricted to his filing date, February 16, 1925, and appellant submitted his case upon a stipulated record, the only material portion of which is appellant's application No. 336,713, hereinbefore referred

to. The Examiner of Interferences held that the counts did not read upon appellant's application No. 336,713, and awarded priority of invention to appellee. Upon appellant's appeal, the Board of Appeals affirmed the decision of the Examiner of Interferences.

If appellee, under the circumstances hereinafter set forth, is not estopped from contending that the counts here involved do not read upon appellant's application No. 336,713, so that this question is open for consideration, and if in fact the counts do read upon said application, then the decision of the Board of Appeals should be reversed, for appellant's application last named was filed prior to the filing of appellee's application.

With respect to the estoppel of appellee, appellant's contention is based upon the claim that the same invention is disclosed in both of appellant's applications, and that appellee accepted the ruling of the Examiner of Interferences that the counts read upon appellant's application 551,923; that while appellee could not have directly appealed from the order denying his motion for dissolution of the interference, he could upon appellant's appeal have raised the question of appellant's right to make the claims in his application 551,923, but failed so to do. He not only failed so to do, but in his brief before the Board of Appeals, a part of which is contained in the record, he asserted that there was no error in the decision of the Examiner of Interferences upon the motion to dissolve. Appellant's position is that, appellee having accepted the decision of the Examiner of Interferences that the counts read upon appellant's application 551,923, and inasmuch as appellant asserts that his application 336,713 is substantially the same as his so-called divisional application, appellee may not now contend that the counts do not read upon appellant's application 336,713. In support of this contention appellant cites the cases of Braren v. Horner, 47 F.(2d) 358, 18 C.C.P.A.(Patents) 971; Dreyfus v. Lilienfeld, 49 F.(2d) 1062, 18 C.C.P.A.(Patents) 1539; Schweyer v. Thomas, 68 F.(2d) 953, 21 C.C.P.A.(Patents) 859; and Standard Oil Company (Indiana) et al. v. United States, 283 U.S. 163, 51 S.Ct. 421, 75 L.Ed. 926.

Appellee claims that he is not estopped from raising this question, he having duly moved to dissolve the interference, and that, having won an award of priority of invention before the Examiner of Interfer-

ences, he was not required to raise every question that he might have raised to support such award. Appellee further contends that the two applications of appellant, Nos. 336,713 and 551,923, are not substantially similar, and that, even if it be held that the application here in interference, No. 551,-923, does support the counts, it does not follow that appellant's application No. 336,-713 supports them.

We do not find it necessary to decide whether appellee would be estopped from contending that the counts do not read upon appellant's application 336,713 if said application was substantially similar to application 551,923, for we find that there is a marked and substantial difference in the two applications. While it is true that two of the drawings in each of the applications are identical, the specifications with respect to such drawings are very different. These drawings in application 336,713 are numbered 8 and 8a. In said application the specification states:

"Individual shingles 5, 5a, may be coated in accordance with the present invention and applied face to face as suggested in Figures 8, and 8a in order to preserve their self-adhering quality during shipment, the shingles being *rolled apart* at the time of applying them to a roof, and the application being over a previously prepared surface of roofing paper or other material. These shingles may be of any desired shape, and may be of uniform thickness as shown at 5 (Figure 8), or tapering in thickness as shown at 5a (Figure 8a). The method of developing self-adhering surfacing members and packaging the same as suggested in Figures 8 and 8a, is applicable to paving or flooring blocks or material as well as to roofing shingles." (Italics ours.)

Nowhere in the specification are the words "split," "unit," or "slab" found. The application speaks of pre-formed shingles stuck together being "rolled apart." While the word "split" is broadly defined by the dictionaries, we have found no definition of that word that would include a *rolling apart* of two pieces of material.

On the other hand, appellant's application 551,923 repeatedly uses the terms "units," "slabs," and "split," and as hereinbefore noted the counts here involved were claims in said application as originally filed and formed a part of the disclosure.

Upon this point the Examiner of Interferences stated:

"It is to be noted that the idea in application 551,923 is different from that in application 336,713. In the former there is no separate prior existence of the shingles as individual shingles. The so-called slabs are formed from a composite sheet. In the latter, individual shingles are coated and stuck together for shipment, to be afterwards separated on the job. The counts were original claims in application 551,923, which was filed after the Avery patent issued. The interlocutory decision appears to have been based upon this fact:

" 'Claims 1, 2, and 3 of the Fischer application are also original claims thereof and are part of the Fischer original disclosure. Under such circumstances, when the claims are not indefinite or inconsistent with the body of the specification, they are in themselves a sufficient disclosure of the counts.'

"The Fischer specification uses the terms 'splitting,' 'unit' and 'slab.' No corresponding disclosure is found in Fischer application 336,713. For these reasons it must be held that the earlier application does not support count 1."

The disclosure of application 336,713 seems to be of an entirely different invention from that here involved, and is entirely consistent with the drawings shown in said application. It is clear that the counts before us do not read literally upon appellant's application 336,713, and they are clearly not within the spirit of its disclosure. It seems quite apparent that application 551,923, filed after the Avery patent was issued, was prepared with a view of interference with said patent, not only in copying the claims, but also in describing the invention involved in the counts.

We are clear that the counts do not read upon appellant's application 336,713, assuming that they do read upon application 551,923; hence appellant is not entitled to the filing date of application 336,-713 as the date of his invention, but must rely upon the filing date of his application here in interference, which is subsequent to the filing date of appellee.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.